BERNICE B. DONALD,
concurring.
I agree with the majority opinion that the district court did not abuse its discretion in denying Wilson’s motion for a mistrial. I write separately because I disagree with the conclusion that Wilson could not show a Franks or Brady violation.
The relevant Franks inquiry, for purposes of this case, is whether Officer Pet-rich’s affidavit would support a finding of probable cause to search 613 Thomson if the false statements were not considered. See United States v. Poulsen, 655 F.3d 492, 504 (6th Cir.2011) (“[i]f, when the alleged false statement is put aside, the affidavit no longer provides the court with probable cause then a Franks hearing is warranted.”). The false statements in Pet-rich’s affidavit were that the confidential informant went into 613 Thomson, that a transaction between the informant and Wilson occurred on the premises of 613 Thomson, and that the informant was kept under surveillance during the events described in the affidavit except for the time he was inside 613 Thomson.[1] After excising the false statements, however, the only relevant information remaining in the affidavit is (1) that the confidential informant told Petrich that cocaine was being sold from 613 Thomson; (2) that Petrich thinks the confidential informant is reliable and credible; (3) that the confidential informant was found with cocaine after meeting with Wilson; and (4) that officers observed a hand-to-hand transaction between Wilson and the confidential informant. This information does not show a substantial nexus between 613 Thomson and suspected evidence of drug trafficking because the false statements were the only link to any activity occurring at 613 Thomson. Thus, I believe that Wilson would likely have succeeded in a Franks challenge had he asserted one.
The opinion asserts, however, that our inquiry should not end with redacting false statements from the affidavit and concluding that the affidavit without these statements did not provide the court with probable cause to issue the relevant warrant. The majority cites United States v. Fowler, 535 F.3d 408, 415 (6th Cir.2008) for the proposition that, in addition to redaction of false statements from the affidavit, material facts omitted from the affidavit must be read into the affidavit in order to determine whether there was probable cause for a search warrant.
I believe this is a misreading and misapplication of the holding in Fowler. Fowler involved allegations that “ATF agents intentionally misled the magistrate by omitting from the affidavit any acknowledgment of the fact the confidential informant was involved in ongoing criminal activity.” 535 F.3d at 415. The defendant thus attacked the veracity of the affidavit on the basis of what it left out rather than false statements made.
Wilson has no analogous claim of omission here. The defect of the affidavit is that it stated that the controlled drug buy had occurred at the property to be searched when in fact it had occurred elsewhere. As this court stated in a case cited to in Fowler, “[t]he affidavit is judged on *424 the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added.” The majority’s position that information omitted from an affidavit must be read into the affidavit in evaluating its adequacy is without support in the case law. Because the Wilson affidavit, without its false statements, provided the magistrate with inadequate factual support for a finding of probable cause, a Franks challenge would have been appropriate.
Likewise, Wilson had a plausible argument under Brady. The majority opinion concludes that the late disclosure of Pet-rich’s false statements did not prejudice Wilson. I disagree. The government never “disclosed” this information to Wilson’s counsel. Instead, it placed Petrich on the stand knowing that his testimony would materially differ from his previous statements describing the controlled purchase. It is a different case if the government tells the defendant’s counsel the day of the testimony that the witness’s original statements were incorrect as that scenario at least gives defense counsel some forewarning and ability to prepare. When the false statements are disclosed during the course of a witness’s testimony, the prejudice to the defendant is much greater.
The majority opinion also concludes that during cross-examination Wilson’s counsel was able to effectively impeach Petrich by highlighting the incorrect statements he made in the affidavit and report. But the fundamental problem with Petrich’s misstatements is not that they affect his credibility as a witness but, instead, that they impact the initial determination of probable cause to search 613 Thomson. No amount of cross-examination could remedy this latter effect. The undisclosed information was materially related to the Franks issue discussed above. It denied Wilson the opportunity to challenge that information with a Franks-based motion to suppress prior to Petrich’s testimony. It is plausible, then, that a Brady violation occurred; had the information been disclosed to the defense, the result of the proceeding may have been different.
While I disagree with the majority opinion’s determination that Wilson could not succeed on a Franks or Brady challenge, I agree that the district court did not abuse its discretion in denying Wilson’s motion for a mistrial. After Petrich’s testimony, Wilson’s counsel (1) did not object to Pet-rich’s testimony or the introduction of the evidence seized from 613 Thomson; (2) did not seek a continuance or sanctions; and (3) did not request a Franks hearing. While Wilson’s counsel did file a motion for involuntary mistrial addressing the Government’s knowledge of the false statements, the motion unnecessarily cabined the inquiry by asking whether the Government knew of the false statements prior to trial rather than prior to Petrich’s testimony. Moreover, even though the motion cites Franks and Brady, it only asked for a mistrial and dismissal of the charges; it did not seek a Franks or Brady hearing or the opportunity to file a motion to suppress.
We review the district court’s determination under the abuse of discretion standard. Considering the manner by which Wilson’s counsel attempted to preserve or remedy the error of Petrich’s misstatement, I concur that the district court did not abuse its discretion in denying the motion for a mistrial.

. The operative paragraph of Petrich’s affidavit reads: "That XX thereafter went into the above described residence and remained there for a brief period of time. While XX was on the premises, they were approached by a subject that exited said residence herein after [sic] referred to as SI, and received a quantity of suspected cocaine form SI in exchange for a quantity of prerecorded currency while on the premises.”